IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMERICAN HOME ASSURANCE CO., | ) |
| Plaintiff, | ) |
| vs. | ) No. 02-4057-CV-C-SOW |
| KELLY POPE, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion to Strike Portions of the Answer of Defendant Kelly Pope (Doc. # 85). Plaintiff moves the Court to strike various affirmative defenses asserted by Pope in her Answer. The affirmative defenses in dispute are (1) estoppel and res judicata (Affirmative Defenses A, C, & G); (2) statute of limitations (Affirmative Defenses D, I, Q, U, Z, EE); (3) laches (Affirmative Defenses E, J, R, V, AA, FF); and (4) unclean hands or bad faith (Affirmative Defenses F, K, S, T, W, BB, GG). In addition, Pope moves the Court to strike "certain factual and legal assertions labeled 'Affirmative Defenses.'" Brief at 1 (Affirmative Defenses H, M-P, X, CC & DD).

Motions to strike are governed by Rule 12(f), which reads in pertinent part, "Upon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy and because the remedy is often sought by the movant as a dilatory or harassing tactic, Rule 12(f) motions are viewed with disfavor by the courts. 5C Charles Alan Wright et al., Federal Practice and Procedure § 1380 (3rd ed. 2004). In order to succeed on a Rule 12(f) motion, "it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any

consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." Id. "[E]ven when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party." Id. § 1381.

Regarding the first set of affirmative defenses, plaintiff does not argue or demonstrate that it is prejudiced by the inclusion of said defenses in Pope's Answer. Moreover, these affirmative defenses involve questions of fact or law that are better left for resolution after the Court has had an opportunity to evaluate the merits of this case. Accordingly, plaintiff's motion is denied with respect to these defenses.

Regarding the second set of alleged affirmative defenses, plaintiff is probably correct that these assertions are not "affirmative defenses" under the legal definition of that phrase. Rather, these assertions are more appropriately described as denials that have been improperly designated as affirmative defenses. This improper designation, however, does not present a valid basis for striking these assertions. Id. § 1269. Pope's Answer gives plaintiff sufficient notice of the allegations in its First Amended Complaint that are intended to be placed in issue. Accordingly, plaintiff's motion is denied with respect to these defenses.

Despite these holdings, the Court must strike a portion of Affirmative Defense A, which states that "Plaintiff is precluded and *estopped* from bringing the claim it is attempting to assert in Count I . . . by the Order of this Court on November 16, 2004 where this Court denied Plaintiff's motion for leave to file its first amended complaint as to this Count." In its Order of November 16, 2004, the Court denied leave to amend with respect to Count I of plaintiff's First Amended Complaint. This denial was based on a mistaken reading of the parties' briefs by the Court.

Accordingly, the Court vacates the portion of its Order of November 16, 2004, denying leave to amend with respect to Count I of plaintiff's First Amended Complaint. Moreover, the Court strikes the above-quoted portion of Affirmative Defense A.

Based on the foregoing, it is hereby

ORDERED that plaintiff's Motion to Strike Portions of the Answer of Defendant Kelly Pope (Doc. # 85) is granted in part and denied in part. The Court strikes the portion of Affirmative Defense A stating that "Plaintiff is precluded and *estopped* from bringing the claim it is attempting to assert in Count I . . . by the Order of this Court on November 16, 2004 where this Court denied Plaintiff's motion for leave to file its first amended complaint as to this Count." The other defenses and assertions in dispute are not stricken. It is further

ORDERED that the Court vacates the portion of its Order of November 16, 2004, denying leave to amend with respect to Count I of plaintiff's First Amended Complaint.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: <u>6-1-05</u>

3

Case 2:02-cv-04057-SOW    Document 123    Filed 06/01/05    Page 3 of 3