IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMERICAN HOME ASSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 02-4057-CV-C-SOW |
| ) | |
| KELLY POPE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are defendant Kelly Pope's ("Pope") Motion to Implead Third Party (Doc. # 106) and plaintiff American Home Assurance Co.'s ("American Home") Motion to Dismiss the Amended Counterclaim of Pope (Doc. # 113). The motions are fully briefed. For the reasons discussed below, Pope's motion is denied and American Home's motion is granted in part and denied in part.

**I.  Background**

This is an action seeking a declaration of American Home's rights vis-a-vis Pope and defendant *ad litem* C. Robert Buckley ("Buckley") as to an insurance policy issued to "Joel S. Ray ("Ray"), Ph.d, et al., d/b/a Columbia Psychological Associates." First Amended Counterclaim ¶ 8. Ray and Bruce N. Strnad[1] ("Strnad") are listed in the policy as additional named insureds. "Partnership" is listed as the type of organization covered under the policy.

---

[1] Strnad died in 1993. Buckley is the defendant *ad litem* for Strnad.

On May 10, 1999, Pope filed a lawsuit[2] in the Circuit Court of Boone County, Missouri, against American Home's insureds, Ray and Strnad. Pope alleged that Strnad and Ray breached their common law duty to warn of Pope's abuse by her father. Because Strnad had died almost six years prior to the filing of the lawsuit, Donna Strnad was appointed as the defendant *ad litem* on August 28, 2000.

On April 2, 2002, American Home notified an individual purporting to act on behalf of Ray and Strnad that it would not indemnify or defend Strnad in regard to the lawsuit brought by Pope. On that same day, American Home agreed to defend and indemnify Ray as to the lawsuit brought by Pope. The above-captioned case was filed the next day against Strnad and Pope.

Because American Home refused[3] to indemnify or defend Strnad against the claim brought by Pope, Strnad's defendant *ad litem* entered into a Mo. Rev. Stat. § 537.065 agreement with Pope on May 23, 2002. The parties agreed to submit Pope's claim to binding arbitration, the result of which would not be subject to appeal. The parties further agreed that Donna Strnad would resign as defendant *ad litem* and be replaced by Buckley or another person selected by Pope. On July 18, 2002, Buckley was substituted for Donna Strnad as defendant *ad litem*.

On September 18, 2003, a jury in Boone County, Missouri, entered a verdict against Ray on a theory of partnership liability. A judgment of $10,668,344.00[4] was then entered against Ray. The judgment, including the verdict of partnership liability, are currently being reviewed by the Missouri Court of Appeals.

---

[2] This was the second lawsuit filed by Pope. The first lawsuit was dismissed on May 11, 1998.

[3] The Court recognizes that the circumstances surrounding American Home's conduct with respect to its indemnification and defense of Strnad are in dispute.

[4] The judgment included prejudgment interest.

On February 13, 2004, the arbitrators in the Strnad/Pope arbitration awarded Pope $8,000,000.00 in damages together with prejudgment interest. The Boone County Circuit Court then entered judgment against Buckley for $8,000,000.00 in damages together with prejudgment interest in the sum of $9,056,119.20 for a total sum of $17,056,119.20.

**II.     Discussion**

**A.     Motion to Dismiss**

    **1.     Count I**

American Home moves the Court, pursuant to Rule 12(b)(6),[5] to dismiss Count I of Pope's First Amended Counterclaim, which

> prays for judgment declaring that for purposes of insurance coverage under [the insurance policy at issue in this case] issued by plaintiff American Home, Joel S. Ray and Bruce N. Strnad were partners and insured as partners doing business as Columbia Psychological Associates regardless of whether in fact, or were not in fact, doing business as a partnership under Missouri law and further declaring that third party defendant Joel S. Ray is jointly and severally liable for defendant Kelly Pope's March 12, 2004 judgment against the defendant *ad litem* for Bruce N. Strnad in the Circuit Court of Boone County in case number 13999CC082164, that Plaintiff American Home as agreed to and is obligated to indemnify defendant Joel S. Ray against said claim with no applicable reservation of rights.

First Amended Counterclaim at 8.

Pope seeks this declaration by virtue of her status as a judgment creditor of Ray and Strnad who has a direct interest in the application of the insurance policy at issue in this case. Pope argues that American Home, by refusing to cover the Buckley judgment on behalf of Ray, is attempting to

---

[5] When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally and assume all factual allegations to be true. Goss v. City of Little Rock, 90 F.3d 306, 308 (8th Cir. 1996). The Court may order dismissal only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. McCormick v. Aircraft Mechanics Fraternal Ass'n, 340 F.3d 642, 644 (8th Cir. 2003).

"re-write its coverage of doctors Ray and Strnad as partners thereby avoiding responsibility for the joint and several liability that flows from a partnership. Whether or not doctors Ray and Strnad actually were partners under Missouri law, the fact is American Home elected and agreed to insure them as partners." Opposition Brief at 4.

The Court rejects Pope's legal theory that American Home, due to its acknowledged coverage of Ray, must pay the judgment against Buckley based only upon the recorded partnership declaration in the policy at issue in this case. As pointed out by American Home, its obligation of indemnity is explicitly defined in the insurance policy, which states that American Home agrees "to pay on behalf of the Insured all sums which the *Insured* shall become *legally obligated* to pay as damages." Pope Counterclaim ¶ 8 (emphasis added). American Home is therefore not attempting to "re-write" its policy to avoid coverage. By the clear terms of the policy, Ray must be "legally obligated to pay" the Buckley judgment before American Home's duty to indemnify is triggered.

The issue now before the Court is whether Ray is "legally obligated" to pay the Buckley judgment based upon Missouri partnership law, thereby triggering American Home's duty to indemnify. American Home argues that Pope does not have a cognizable claim because Ray has no legal obligation to pay the Buckley judgment regardless of the partnership issues. This Court need not address this argument at this time. The partnership theory supporting the judgment against Ray is currently being reviewed by the Missouri Court of Appeals. Pope's claim for recovery of the Buckley judgment from Ray is premised on the partnership theory currently before the Missouri Court of Appeals. Any determination made by the Missouri Court of Appeals as to this issue would be binding on this Court. Until that determination is made, there is no reason for the Court to address issues that may potentially be moot. Count I is premature and is therefore dismissed.

### 2. Count II

American Home moves the Court, pursuant to Rule 12(b)(6), to dismiss Count II of Pope's Amended Counterclaim, which seeks, in essence, a declaration that American Home has a duty to indemnify Strnad and also seeks a judgment for Pope and against American Home "for equitable garnishment" of the Buckley judgment. American Home argues that Count II should be dismissed "because the defendant *ad litem* had no authority to oust American Home of its right to control the defense by demanding that American Home surrender its reservation of rights, to enter into arbitration proceedings by settlement, and to stipulate to the $17 million judgment." Motion to Dismiss at 10.

As noted by American Home, Pope's garnishment action is the converse of American Home's claim seeking a declaration that the Strnad judgment is unenforceable against the policy, American Home's duty to indemnify is the central issue in this case. Therefore, for purposes of this Rule 12(b)(6) motion, it is beyond dispute that Pope has asserted cognizable claim. Whether "the counterclaim should be dismissed as matter of law . . . based on the undisputed facts," Motion to Dismiss at 10 n.7, is an issue best left for resolution at the summary judgment stage of these proceedings. American Home's motion is denied as to Count II.

### B. Motion to Implead

Pope moves the Court to implead Ray into this litigation in order to adjudicate Count I of her Amended Counterclaim. Because the Court is dismissing Count I, Pope's motion is denied as moot.

### III. Conclusion

Based on the foregoing, it is hereby

ORDERED that Pope's Motion to Implead Third Party (Doc. # 106) is denied. It is further

ORDERED that American Home's Motion to Dismiss the Amended Counterclaim of Pope (Doc. # 113) is granted in part and denied in part.

        /s/Scott O. Wright
        SCOTT O. WRIGHT
        Senior United States District Judge

Dated: 8-1-05