IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02-4057-CV-C-SOW |
| | ) | |
| KELLY POPE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff American Home Assurance Co.'s ("American Home") Motion to Dismiss the Amended Counterclaim of Defendant Ad Litem C. Robert Buckley ("Buckley") (Doc. # 130). The motion is fully briefed. For the reasons discussed below, American Home's motion is granted.

**I.     Background**

Buckley, who is the defendant ad litem for Dr. Bruce N. Strnad ("Strnad"), filed his First Amended Counterclaim on June 2, 2005. Buckley's First Amended Counterclaim sets forth the following claims against American Home: (1) bad faith, (2) negligent claims handling, and (3) breach of fiduciary duty. American Home moves the Court, pursuant to Rule 12(b)(6),[1] to dismiss all three claims.

---

[1] When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally and assume all factual allegations to be true. Goss v. City of Little Rock, 90 F.3d 306, 308 (8th Cir. 1996). The Court may order dismissal only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. McCormick v. Aircraft Mechanics Fraternal Ass'n, 340 F.3d 642, 644 (8th Cir. 2003).

**II.     Discussion**

Buckley argues that his defendant ad litem status allows him to act "as a personal representative as a matter of law," thereby permitting him to bring tort claims on behalf of the Strnad estate. Opposition Brief at 15. American Home argues that a defendant ad litem does not have the authority under Mo. Rev. Stat. § 537.021.1(2) to bring tort claims on behalf of an estate.

Section 537.021 reads in pertinent part "[t]he existence of a cause of action for an injury to property [or] for a personal injury not resulting in death . . . , which action survives the death of the wrongdoer . . . shall authorize and require the appointment by a probate division of the circuit court of: [a] personal representative of the estate of a person whose property is injured, or a person injured [or a] personal representative of the estate of a wrongdoer upon the death of such wrongdoer." Mo. Rev. Stat. § 537.021.1(1) - (2). The statute authorizes an exception that is relevant to this lawsuit, "if a deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer, then the court in which any such cause of action is brought shall appoint at the request of the plaintiff or other interested party a qualified person to be known as a defendant ad litem." Id. § 537.021.1(2). The statute further states that the "defendant ad litem when so appointed shall serve and act as the named party defendant in such actions in the capacity of legal representative of the deceased wrongdoer and such appointment and any proceedings had or judgment rendered in such cause after such appointment shall be binding on the insurer of such deceased wrongdoer to the same extent as if a personal representative had acted as the legal representative of such deceased wrongdoer in such cause of action." Id. If the "plaintiff in such cause of action [desires] to satisfy any portion of a judgment rendered thereon out of the assets of the estate of such deceased wrongdoer, such action shall be maintained against a personal representative appointed by the probate division of the circuit court." Id.

The Court agrees with American Home that Buckley does not have the authority to bring tort claims on behalf of the Strnad estate. There is nothing in the statute that permits Buckley to bring tort claims on behalf of the Strnad estate. In fact, the language of the statute supports the opposite conclusion by stating that the "*defendant ad litem* when so appointed shall serve and act as *the named party defendant in such actions* in the capacity of legal representative of the deceased wrongdoer." Mo. Rev. Stat. § 537.021.1(2) (emphasis added). As noted by the Missouri Court of Appeals, the narrow purpose of Section 537.021.1(2) is "to provide a named party for the deceased wrongdoer so that a plaintiff may be redressed for his injury by the so called "real defendant" – the liability insurer." Kasmann v. Hamilton, 731 S.W.2d 345, 347 (Mo. Ct. App. 1987); *see also* Travis v. Contico International, Inc., 928 S.W.2d 367, 370 (Mo. Ct. App. 1996) ("[T]he scope of [§ 537.021.1(2)] is narrow."). Accordingly, the Court will grant American Home's motion and dismiss Buckley's First Amended Counterclaim.

### III. Conclusion

Based on the foregoing, it is hereby

ORDERED that American Home's Motion to Dismiss the Amended Counterclaim of Buckley (Doc. # 130) is granted.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 8-2-05