IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 02-4057-CV-C-SOW ) |
| KELLY POPE, et al., | ) ) |
| Defendants. | ) |

ORDER

Before the Court are defendant ad litem Buckley's Motion for Summary Judgment on Plaintiff's Declaratory Judgment Action (Doc. # 139), defendant Kelly Pope's Motion for Summary Judgment for Equitable Garnishment (Doc. # 142), plaintiff American Home's Suggestions in Opposition, and defendants' replies. For the reasons stated herein, the Court grants defendant ad litem Buckley's motion for summary judgment, and dismisses defendant Kelly Pope's motion for summary judgment.

I. Background

Defendant ad litem C. Robert Buckley ("Buckley") moves for summary judgment on plaintiff American Home Assurance's ("American Home") declaratory judgment action.[1] Defendant Kelly Pope ("Pope") moves for summary judgment against American Home for equitable garnishment pursuant to Mo. Rev. Stat. § 379.200. The undisputed material facts relevant to the pending motions were not properly set forth by the defendants pursuant to Fed. R.

---

[1] Kelly Pope incorporates by reference all of Buckley's motion for summary judgment, and adds additional arguments in support of her motion for summary judgment on her equitable garnishment counterclaims.

Civ. P. 56(c). Defendants improperly listed many "undisputed facts" that were not supported by reference to "pleadings, depositions, answers to interrogatories, and admission on file" or "affidavits." Regardless, due to the history of the case, many undisputed material facts can be discerned from the record.

The events underlying Kelly Pope's claims began in the late 1980's, when Pope's mother, Nancy Pope, discovered that her husband, Lester, had been sexually abusing their daughter. Kelly Pope was sexually abused and assaulted by her adoptive father Lester N. Pope, beginning when she was four years old and continuing for nearly ten years until she was 13 years old. Dr. Bruce N. Strnad, Ph.D. ("Dr. Strnad") was a psychologist practicing in Columbia, Missouri with Dr. Joel S. Ray ("Dr. Ray"). Drs. Strnad and Ray practiced under the name Columbia Psychological Associates. They shared expenses, but they had different practices, kept separate patient files, and were paid separately by patients.

Nancy Pope told Dr. Strnad that Lester Pope was sexually abusing and assaulting Kelly Pope. Nancy Pope told Dr. Strnad not to report Lester Pope's sexual abuse of Kelly Pope to anyone. Dr. Strnad agreed to her request. Lester Pope subsequently admitted to sexually abusing and assaulting Kelly Pope to Dr. Strnad. Dr. Strnad did not report Lester Pope's sexual abuse and assault of Kelly to the appropriate authorities pursuant to Mo. Rev. Stat. § 210.115.

A. Missouri state court litigation

Kelly Pope filed a complaint on December 30, 1993, in Missouri state court. The defendants in the 1993 action were Pope's parents, Dr. Ray, and Donna Strnad, who was appointed defendant ad litem. Donna Strnad had been so appointed because Dr. Strnad died on June 12, 1993, before the filing of the action. Prior to filing the 1993 Missouri state court action,

Pope had made a settlement demand upon American Home, Dr. Strnad's insurance carrier, in the amount of $1,000,000. American Home refused to settle with Kelly Pope.

In the 1993 case, Kelly Pope sought damages for breach of a common law duty to warn of suspected child abuse, among other grounds. The Boone County Circuit Court dismissed this first action for failure to state a claim upon which relief may be granted. This dismissal was appealed. The Missouri Court of Appeals, in Bradley v. Ray, specifically recognized the common law duty to warn of the danger of the continuing sexual abuse of Kelly Pope by her father. Bradley v. Ray, 904 S.W.2d 302 (Mo. Ct. App. 1995). The Court recognized that the common law duty was to "warn the intended victim or communicate the existence of such danger to those likely to warn the victim." Id. at 312. The court concluded that Drs. Strnad and Ray violated the common law duty to warn because they had reason to anticipate future harm to Kelly. Id.

In 1999, Kelly Pope filed a new action in Missouri state court, again naming the Strnad defendant ad litem and Dr. Ray as defendants. Pope sought damages for Dr. Strnad's failure to report or cause to be reported reasonably suspected, as well as known, child abuse and assault against Pope by her adoptive father, Lester N. Pope. Kelly Pope also alleged that Drs. Ray and Strnad and Columbia Psychological Associates negligently failed to warn her, or others responsible for her care, of the future danger presented to her by Lester Pope. Donna Strnad was once again appointed the defendant ad litem for Dr. Strnad on August 28, 2000. On January 30, 2002, B. Daniel Simon, purporting to act on behalf of Dr. Ray and "the Representatives of Dr. Bruce Strnad," demanded that American Home settle the claims against Strnad and Ray and withdraw its reservation of rights.

On April 10, 2002, the defendant ad litem Donna Strnad entered into a settlement agreement with Pope. Under the terms of the agreement, the parties agreed to submit the question of Strnad's liability to binding arbitration. Among other things, the agreement provided that Donna Strnad would resign as defendant ad litem and be replaced by Buckley or any other successor selected by Pope. Buckley was substituted as defendant ad litem on July 18, 2002.

On September 18, 2003, a jury found against Dr. Ray on a theory of partnership liability. A judgment of $10,668,344.12 was entered against Dr. Ray. Meanwhile, an arbitration panel convened pursuant to the settlement agreement between Pope and Donna Strnad. The arbitration panel awarded damages and prejudgment interest against the defendant ad litem, and the order of judgment was amended to include a $17,056,119.20 judgment against ad litem Buckley.

B. Federal litigation

The declaratory judgment action before this Court was originally filed on April 3, 2002. Plaintiff American Home brought this declaratory judgment action against defendants Buckley and Pope, asking this Court to construe the contract of insurance between American Home and Dr. Strnad. In this action, American Home initially asked the Court to find that the American Home Insurance Policy ("the Policy") at issue does not provide coverage for Dr. Strnad's alleged actions, specifically American Home sought a declaration that it had no obligation to defend or indemnify Dr. Strnad in the Missouri state court litigation.

American Home issued a Psychologist Professional Liability insurance policy, No. PSY-6327972, with effective dates of January 1, 1988 to January 1, 1989 to Dr. Ray, et al., d/b/a Columbia Psychological Associates. Dr. Strnad was listed as an "Additional Named Insured" under the Policy. The Policy contains the following applicable exclusions:

4

This policy does not apply:

(a) to any dishonest, criminal, fraudulent or malicious act or omission;

(p) to any wrongful act committed with knowledge that it was a wrongful act.

The parties filed cross-motions for summary judgment. By Order dated July 3, 2003, this Court granted American Home's motion for summary judgment, finding that the policy did not apply to Dr. Strnad's alleged actions. The Court denied the motions for summary judgment filed by defendants Pope and Buckley. The Clerk entered judgment for American Home that same day.

The judgment was appealed to the United States Court of Appeals for the Eighth Circuit, which reversed this Court's judgment by mandate dated May 10, 2004, and remanded the case to this Court. In its opinion, the Eighth Circuit found that this Court "incorrectly held that policy exclusions prohibited coverage on all of Kelly's alleged claims against Dr. Strnad." American Home Assurance Co. v. Pope, 360 F.3d 848, 853 (8th Cir. 2004). The Eighth Circuit specifically held that "American Home has an obligation to provide coverage under Dr. Strnad's policy." Id. at 850.

Following the Eighth Circuit's decision, and on remand, plaintiff American Home sought leave to amend its complaint to clarify and streamline its pre-existing claims in light of the Eighth Circuit's decision, and also to assert new claims based on developments in the underlying state court action that arose while this case was on appeal. By Order dated November 16, 2004, this Court granted American Home's motion for leave to amend.

American Home's Amended Complaint now asserts six different counts for declaratory relief. Count I asserts that the policy excludes coverage because Dr. Strnad's failure to report Lester's child abuse and assault to the authorities was criminal and knowingly wrongful. Count

5

II asserts that the policy excludes coverage because Dr. Strnad's failure to warn Kelly or her mother about Lester's child abuse is not recoverable as a wrongful act or occurrence under the policy, and that Dr. Strnad's failure to warn did not cause the injuries. Count III alleges that either the damage caps of Mo. Rev. Stat. § 538.210.1 apply or there is no coverage under the policy. Count IV asserts that any duty of indemnity is subject to the $1,000,000 annual policy limits. Count V alleges that the settlement agreement pursuant to the Pope-Strnad agreement is unenforceable because it is unreasonable and collusive. Count VI asserts that Pope cannot recover twice for the same misconduct, once under the Ray judgment and again under the Strnad defendant ad litem judgment.

Buckley answered American Home's Amended Complaint on December 13, 2004 and brought counterclaims against American Home based upon allegations of bad faith. Apparently, the parties have engaged in limited discovery. Buckley filed his motion for summary judgment on June 17, 2005.

Pope answered American Home's Amended Complaint on December 13, 2004. The Court deferred action on Count II for equitable garnishment of the insurance policy proceeds to satisfy the Buckley judgment. Pope moved for summary judgment on July 20, 2005.

## II. Standard

A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Rafos v. Outboard Marine Corp., 1 F.3d 707, 708 (8th Cir. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The moving party bears the burden of bringing forward sufficient evidence to

6

establish that there are no genuine issues of material fact for trial and that the movant is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party opposing a properly supported motion for summary judgment may not rest upon the allegations contained in the pleadings, "but must set forth specific facts showing there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In reviewing a motion for summary judgment, this Court must scrutinize the evidence in the light most favorable to the non-moving party, according the non-moving party the benefit of every factual inference and resolving any doubts as to the facts or existence of any material fact against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970).

### III. Discussion

A. Declaratory judgment action

In this declaratory judgment action, the only issue before this Court is whether the insurance policy applies to the state court claims of Kelly Pope. Defendant Buckley argues that he is entitled to the entry of summary judgment on his claims because plaintiff American Home fails to state a claim under a declaratory judgment action, because American Home's claims are barred by res judicata and collateral estoppel, or are claims which have already been litigated in the Missouri state court. American Home contends that a genuine issue of material fact exists as to whether Dr. Strnad's conduct was criminal, intentional, malicious, or knowingly wrongful, and as to whether any noncriminal or nonknowing failure to warn was the proximate cause of Kelly's injuries. American Home further contends that the knowingly-wrongful exclusion is separate and distinct from the criminal-act exclusion and provides an independent basis for denying indemnity under the policy for the Buckley judgment.

7

Since this case was remanded by the Eighth Circuit, both parties have extensively briefed these issues for the Court. The Court recognizes that what is at issue in this declaratory judgment action is whether the insurance policy between American Home and Dr. Strand covers the alleged actions of Dr. Strnad. After careful consideration of the parties' briefs, the Court agrees with defendant ad litem Buckley that this issue was already decided by the Eighth Circuit and now this Court may only act in compliance with the Eighth Circuit's mandate.

American Home asserts that the Eighth Circuit resolved only the duty to defend issue by stating that American Home "failed to demonstrate that a policy exclusion applied." American Home, 360 F.3d at 853. American Home contends that its duty to indemnify Dr. Strnad for any conduct that was subject to a policy exclusion or that was not a proximate cause of Pope's injuries is still at issue. The Court disagrees. The Eighth Circuit specifically noted that the declaratory judgment action at issue was whether American Home had an obligation to defend or indemnify Dr. Strnad. Id. at 851. The Eighth Circuit evaluated the "criminal act' exclusion and found that it did not "bar coverage on [Pope's] common law duty" claim. Id. at 825.

American Home noted in its brief that "once there has been a final determination whether there actually was a wrongful act, it is time to determine the duty to indemnify." Pl. Br. at 28. This Court believes that this issue was resolved by the Eighth Circuit. "While the exclusion language prohibits coverage for Dr. Strnad's violation of Missouri Revised Statute Section 210.115, it does not bar coverage on the common law duty." American Home, 360 F.3d at 852. "Since American Home has failed to show how Dr. Strnad's failure to report the future dangerousness for abuse to Kelly or her mother should fall within the exclusion, *the coverage of the Policy applies*." Id (emphasis added). The Eighth Circuit specifically focused its attention

8

on whether any of Kelly's claims lack coverage because of policy exclusions.

The Eighth Circuit held that the exclusions relied on by plaintiff to bar Pope's cause of action do not apply and therefore there is specific coverage on the common law duty to warn claim by Kelly Pope against Dr. Strnad and Columbia Psychological Associates. As the Court recognized in its November 16, 2004 Order, "American Home is . . . seeking a declaration as to its own rights and obligations under the disputed policy." The Court now finds that American Home has an obligation to indemnify the wrongful actions of Dr. Strnad's failure to report the future dangerousness for abuse to Kelly or her mother, because the coverage of the Policy applies.

Accordingly, this Court grants summary judgment in favor of defendant ad litem Buckley as to Counts I and II. Upon further review, the Court finds that it erred in allowing American Home to amend its complaint to add additional claims. Counts III, IV, and V, which include issues of damages caps, the validity of the Pope-Strnad settlement agreement, and the applicability of the policy limits, are all issues not properly before a federal court in a declaratory judgment action and should be raised in the state court litigation.

B. Equitable garnishment claim

Pope contends in her motion that because the negligence of Dr. Strnad has already been determined conclusively and because negligent acts clearly are covered by the insurance policy, defendant Pope is entitled to equitable garnishment against American Home for her judgment against Dr. Strnad as a matter of law, pursuant to Mo. Rev. Stat. 379.200. This issue is not properly before this Court. Accordingly, Pope's motion for summary judgment on this issue is

dismissed.

## IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that defendant ad litem Buckley's Motion for Summary Judgment (Doc. # 139) is granted. It is further

ORDERED that summary judgment is entered in favor of defendants Buckley and Pope on Counts I and II of plaintiff's Amended Complaint based upon the finding that plaintiff has a duty to provide coverage for Kelly Pope's claims against Dr. Strnad. It is further

ORDERED that Counts III, IV, and V of plaintiff's Amended Complaint are dismissed without prejudice. It is further

ORDERED that defendant Kelly Pope's Motion for Summary Judgment (Doc. # 142) is dismissed as it is not properly before this Court. It is further

ORDERED that the Clerk of the Court shall enter final judgment at this time.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 10-13-05