IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 02-4057-CV-C-SOW |
| KELLY POPE, et al., | ) ) ) | |
| Defendants. | ) | |

ORDER

Before the Court are Defendant Kelly Pope's Motion for Award of Attorney Fees With Suggestions (Doc. # 169), Defendant ad litem Buckley's Motion for Award of Attorneys' Fees (Doc. # 171), Defendant Kelly Pope's Supplemental Motion for Award of Attorney Fees (Doc. # 172), Amended Application for Attorneys' Fees by Counsel for Defendant ad litem (Doc. # 177), Defendant Kelly Pope's Motion for Imposition of Appeal Bond (Doc. # 184), Plaintiff American Home Assurance Company's Consolidated Suggestions in Opposition, and both defendants' replies. The motions are fully briefed and ready for ruling.

For the reasons stated herein, Defendant Kelly Pope and defendant ad litem Buckley's motions for attorney's fees are granted. Defendant Kelly Pope's supplemental motion for attorney's fees, which asks for attorney's fees and costs to cover the appeal of this case to the Eighth Circuit is denied. Defendant Kelly Pope's motion for imposition of appeal bond is denied.

I. Background

The litigation involving this case has been ongoing since 1991. The case came before

this Court in April 2002 when plaintiff American Home Assurance Company ("American Home") brought this diversity suit under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 ("FDJA"), against Kelly Pope and defendant ad litem C. Robert Buckley ("ad litem Buckley"). American Home sought a declaration that it had no obligation to defend or indemnify Dr. Bruce N. Strnad[1] in the underlying Missouri state court litigation. This Court found in 2003 that American Home's criminal act exclusion in the policy at issue precluded coverage for Dr. Strnad. This finding was appealed to the United States Court of Appeals for the Eighth Circuit. In May 2004, the Eighth Circuit issued an Opinion finding that American Home's criminal act exclusion does not preclude coverage for Dr. Strnad and remanded the case back to this Court for further proceedings consistent with its opinion.[2] Subsequently, this Court allowed American Home to amend its Complaint. The parties then moved for summary judgment. On October 13, 2005, this Court, in compliance with the Eighth Circuit's mandate, entered summary judgment in favor of defendants Pope and ad litem Buckley and found that American Home has a duty to provide coverage for Kelly Pope's claims against Dr. Strnad.[3] American Home is currently appealing this Court's finding to the Eighth Circuit.

Following this Court's Order, defendant Pope and defendant ad litem Buckley sought attorney's fees. Defendant Pope sought attorney's fees that will be incurred on appeal, and also sought an imposition of appeal bond. Plaintiff American Home moved, pursuant to Fed. R. Civ.

---

[1] C. Robert Buckley was substituted as defendant ad litem in July 2002 after Dr. Strnad's death on June 12, 1993.

[2] American Home Assurance Co. v. Pope, 360 F.3d 848 (8th Cir. 2004).

American Home Assurance Co. v. Pope, 2005 U.S. Dist. LEXIS 23577 (W.D. Mo. Dec. 20, 2005).

P. 54(d)(2)(C)to bifurcate the pending motions for attorney's fees so that the Court could determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed by the Court. Specifically, American Home brought to the Court's attention that discovery on issues pertaining to reasonableness of attorney's fees may not be necessary if American Home is without liability for fees. The Court granted American Home's motion to bifurcate. Accordingly, this Order will only address the issue of liability. Since this Court finds that American Home is liable for attorney fees, the parties are directed to brief the issue of the reasonableness of the fees sought by defendant Pope and defendant ad litem Buckley.

## II. Discussion

The question of whether an insurer may be held liable for attorney's fees incurred in a declaratory judgment action brought to establish the existence of coverage is one that has led to contradictory answers by Missouri state courts and federal courts. It is defendant Kelly Pope's position that under Missouri law, in declaratory judgment actions, costs are to be awarded in a manner that is equitable and just, pursuant to Missouri statute §526.100 and Missouri Rule of Civil Procedure 87.09, and furthermore, that "costs" include attorney's fees.

The Eighth Circuit has recognized that the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, "makes no express provision for an award of attorney's fees." American Family Insurance Co. v. Dewald, 597 F.2d 1148, 1151 (8th Cir. 1979). Yet, defendants Pope and ad litem Buckley urge the Court to consider 28 U.S.C. § 2202 as a basis for an award of attorney's fees in a declaratory judgment action. Specifically, section 2202 states that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable

3

notice and hearing, against any adverse party whose rights have been determined by such judgment." In the Dewald opinion, the Eighth Circuit followed two district court cases which "held that attorney's fees may be awarded under 28 U.S.C. § 2202 where such an award is authorized by applicable state law for comparable actions." Dewald, 597 F.2d at 1151 (referring to Broyles v. Commercial Union Ins. Co., 287 F. Supp. 942 (W.D. Ark. 1968) and Nat'l Indemnity Co. v. Harper, 295 F. Supp. 749 (W.D. Mo. 1969)). The Dewald court recognized that this analysis only applies to cases where an insurance company has been found to have wrongfully refused to defend the insured. Ultimately, the court turned to North Dakota state law to determine whether attorney's fees may be awarded in declaratory judgment actions. This step was almost moot though because the court below had found that the insurance policy did not cover the circumstances involved and therefore the court denied an award of attorney's fees. Dewald, 597 F.2d at 1152.

The Eighth Circuit again revisited the issue of the award of attorney's fees following a declaratory judgment action in National Union Fire Ins. v. Structural Systems Technology, Inc., 964 F.2d 759, 763 (8th Cir. 1992). The court affirmed the district court's denial of an award of attorney's fees under the FDJA, 28 U.S.C. §§ 2201-2202. Id. A review of the district court's order reveals that it did not mention the analysis set forth in Dewald. National Union Fire Ins. v. Structural Systems Technology, Inc., 764 F. Supp. 145, 147 (E.D. Mo. 1991). Rather, the court cited the well-known "American Rule" of attorney's fees, which states that each litigant is responsible for bearing the expense of its own attorney's fees absent statutory authority for such an award or contractual agreement of the parties. Id. (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240 (1975)). Ultimately, the district court denied the award of

4

attorney's fees under section 2202 and held that the "further necessary and proper relief" phrase in section 2202 of the FDJA does not constitute statutory authority for attorney's fees as an exception to the American Rule. Again, the Eighth Circuit stated that "we cannot conclude that the district court erred or abused its discretion in refusing to award attorneys' fees." National Union, 964 F.2d at 763.

By the Court's reading, it is difficult to square these two holdings by the Eighth Circuit. Dewald seemed to hold in 1979 that section 2202 of the FDJA may be a basis for an award of attorney's fees (if permitted by applicable state law), and National Union in 1992 seemed to essentially hold, albeit by implication, that section 2202 is not statutory authority for an award of attorney's fees (once it stated that the district court did not err in its analysis and refusal to award attorney's fees). Yet, this Court has found that in diversity declaratory judgment actions such as the case at hand, the U.S. district courts have followed the analysis as set forth in Broyles, Harper, and Dewald and looked to Missouri law to determine whether attorney's fees may be awarded. See, e.g., Wiles v. Capitol Indemnity Corp., 204 F. Supp.2d 1207 (E.D. Mo. 2002). Accordingly, the Court finds that section 2202 of the FDJA grants this Court authority to award attorney's fees. This Court is directed to analyze this case according to the analysis laid out in Dewald. The next step is to turn to Missouri law to determine whether attorney's fees should be allowed in this case.

As a starting point, it is well recognized that Missouri follows the American Rule regarding attorney's fees. The Missouri Supreme Court has stated the American Rule as: "absent statutory authorization or contractual agreement, with few exceptions, each litigant must bear his own attorney's fees." Ranken v. Boykins, 816 S.W.2d 189, 193 (Mo. 1991) (citing Mayor,

5

Councilmen, & Citizens v. Beard, 636 S.W.2d 330, 331 (Mo. Banc 1982)). The "exceptions" usually involve "'very unusual circumstances' or where the natural and proximate result of a breach of duty is to involve the wronged party in collateral litigation." Ranken, 816 S.W.2d at 193.

In Missouri, the declaratory judgment statutes fall under chapter 527. Defendants Pope and Buckley argue that the "statutory authority" for attorney's fees in a declaratory judgment action in Missouri comes from MO. REV. STAT. § 527.100. Under section 527.100, attorney's fees are not explicitly mentioned, rather "costs" are discussed. "In any proceeding under sections 527.011 to 527.130 the court may make such award of costs as may seem equitable and just." MO. REV. STAT. § 527.100 (2006). It has been recognized that the word "costs" here "does not necessarily include attorney's fees; rather the American Rule applies to declaratory judgment actions." DCW Enters. v. Terre Du Lac Ass'n, 953 S.W.2d 127, 132 (Mo. App. 1997). Furthermore, a trial court has "broad discretion" in awarding attorney's fees sitting as a court in equity to balance the benefits. Id. As mentioned above though, there are recognized exceptions to the American Rule, including very special or unusual circumstances.

Special or unusual circumstances that would justify an award of attorney's fees is inherently fact based and specific to each case. Special or very unusual circumstances have been recognized by the Missouri courts to include intentional misconduct, cases involving trusts and estates, and where the natural and proximate result of a breach of duty is to involve the wronged party in collateral litigation. Id.; see also Ranken, 816 S.W.2d at 193.

In the case at bar, defendants Pope and Buckley argue that this case is an exception to the American Rule, in that "very unusual circumstances" exist such that the Court should award

6

attorney's fees in order to balance the benefits and because American Home has subjected Kelly Pope to costly litigation collateral to her claim against American Home. The Court agrees. This litigation has been ongoing since 1991. American Home has consistently failed to cooperate with defendants Pope and ad litem Buckley. This declaratory judgment action alone has been with this Court since 2002. Following what this Court believes was a clear mandate by the Eighth Circuit as to American Home's obligation to provide coverage for Kelly Pope's claims against Dr. Strnad, American Home amended its Complaint and moved for summary judgment denying this obligation. This Court held that American Home wrongfully refused to defend the insured and did in fact have a duty to provide coverage to Kelly Pope's claims against Dr. Strnad. Again, American Home is appealing to the Eighth Circuit. American Home contends that it has not acted in bad faith or engaged in intentional misconduct, rather, it is simply acting to protect its rights in the ongoing litigation. Yet, the Missouri Court of Appeals has recognized the broad discretion of a trial court to award attorney's fees. Am. Economy Ins. Co. v. Ledbetter, 903 S.W.2d 272, 277 (Mo. App. 1995) (citing Union Ctr. Redevelopment Corp. v. Leslie, 733 S.W.2d 6, 9 (Mo. App. 1987)). Even if an insurer's action in bringing a declaratory judgment action is not found to be "in any way frivolous or unjustified, justice and equity [might] warrant allowing attorney's fees." Ledbetter, 903 S.W.2d at 276 (quoting Allstate Ins. Co. v. Sullivan, 643 S.W.2d 21, 24 (Mo. App. 1982)).

     Therefore, the Court finds that the declaratory judgment suit brought by American Home is collateral to Kelly Pope's underlying claims for damages, which have been successful in state court litigation. Under the specific facts of this case, the Court finds that very unusual circumstances exist such that as a Court sitting in equity, attorney's fees may be awarded.

"Costs" may be awarded as well, as costs are specifically allowed to be recovered in a declaratory judgment action in Missouri.  See MO. REV. STAT. § 527.100 (2006).  Defendant ad litem Buckley is not prevented from recovering attorney's fees as he serves and acts as the named party defendant.  MO. REV. STAT. § 537.021 (2006).  Buckley was forced to defend himself in this declaratory judgment action, and therefore fees and costs may be awarded.

Kelly Pope filed a supplemental motion for award of attorney's fees after American Home had filed a notice of appeal asking for an *estimated* amount of $24,150 that will cover the costs of defending this action on appeal.  Defendants Kelly Pope's motion for attorney's fees on appeal is denied.  Furthermore, Kelly Pope's motion for imposition of appeal bond (filed in order to ensure payment of costs and attorney's fees on appeal) is denied.

### III. Conclusion

It is hereby

ORDERED that Defendant Kelly Pope's Motion for Award of Attorney Fees With Suggestions (Doc. # 169) is granted.  It is further

ORDERED that Defendant ad litem Buckley's Motion for Award of Attorneys' Fees (Doc. # 171) is granted.  It is further

ORDERED that Defendant Kelly Pope's Supplemental Motion for Award of Attorney Fees (Doc. # 172) is denied.  It is further

ORDERED that Amended Application for Attorneys' Fees by Counsel for Defendant ad litem (Doc. # 177) is granted.  It is further

ORDERED that Defendant Kelly Pope's Motion for Imposition of Appeal Bond (Doc. # 184) is denied.  It is further

ORDERED that this Order has only determined that American Home is liable for attorney's fees and costs to Kelly Pope and defendant ad litem Buckley. The amounts requested in Kelly Pope and defendant ad litem Buckley's motions have not been awarded. Accordingly, the parties are directed to brief the issue of reasonableness of the amount of fees sought by both Kelly Pope and defendant ad litem Buckley. It is further

ORDERED that plaintiff's brief is due within 30 days of the date of this Order.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 1-23-06